181797. Good afternoon, Your Honors, and may it please the Court. I would just note that there's an empty chair to your right, so you don't have to take up your full 8 minutes. Understood, Your Honor. This is an appeal from a fundamental misunderstanding of the transaction upon which the lower action was based, which resulted in the district court almost halving the appellant's damages. Appellant purchased a convertible note from defendant, which provided appellant with the right to convert portions of the principal and interest in the note into shares of defendant corporation's common stock at a discount to the market price. Upon conversion, those portions of principal and interest are deemed paid, and appellant plaintiff is entitled to do whatever it wants with the stock, whether that's keep the stock or sell the stock on the open market, without any further obligations to the defendant corporation. On two prior occasions, appellant submitted these notices of conversion. Admittedly, with a little bit of teeth pulling, these were complied with. Plaintiff received the stock, sold the stock on the open market, and made money. On the third occasion, defendant refused to deliver the stock. The district court found that the defendant was liable for breach of contract as a result of this failure to deliver the shares, and then misstepped in calculating the damages. In essence, the district court subtracted the amount that the appellant had already paid by funding the note from its expectation damages calculation, then held that plaintiff appellant was doubled. Alito, what was the full payment principal? The full principal of the note was $52,000. At the time of the conversion it issued, the balance was down to $16,000, and the interest on that was about $700 and some dollars. So the district court calculated the damages by subtracting the contract price, or the conversion price in this case, from the market price of the stock. So the contract price in this case was $.00725, so just less than a penny, and the market price was 1.7 cents. After finding the difference in that, the court multiplied it by the amount of shares to which plaintiff was entitled and found that figure to be approximately $23,000. However, by subtracting the contract price, that $.00725, the district court, it was the magistrate in the initial instance, was taking away that $16,000 that remained on the note. So plaintiff requested that that $16,000 be repaid as compensatory damages and the $23,000 that the district court ultimately awarded as all of its damages, that that figure be its expectation damages. I would just like to present one hypothetical. Scalia, what would the total damages sought be? The total damages would have been the $16,000 plus the $716.05 in interest, as well as the $23,000 in expectation damages. Or you could conceive of it of just what was the price that they were due. That's absolutely correct. Right, on the day of the breach. And I have a question actually about the day of the breach. Okay. The notice of conversion was dated July 1, I think. But I didn't see evidence that it was actually received on that day. And since we're counting in days and looking at prices on particular days, can you help me with that? They are generally submitted via e-mail. So I do believe that at least the letters on the record would indicate that it was received on that day. So you count from three days after. Okay. So that wasn't contested in any event? No. Three days plus three. Plus three. Yeah, yeah. And also, I understood that you were to, you know, when you were to try to take the measure of the market value of the stock on the relevant day to calculate what you would have been entitled to, your clients would have been entitled to, the district court used the opening bid price that day. You said that the closing bid was the proper value. But we have some precedent, Boyce, for example, in 2006, saying that we would take the mean on such a conversion claim. Is Boyce incorrectly applied in this circumstance? Several district courts have used the closing price, which is why we've been using it. The one example I will give, which I think accurately shows the damages to which the plaintiff is entitled today, it was from Judge Carter in the matter of Adar Bayes against GeneSys ID, Inc. And in that case, Judge Carter did take the closing bid price, which if we're sort of splitting hairs, by the end of the day is when the defendant should be entitled. These are minor differences, but still I was perplexed that you suggested the closing price because it seemed to me that the mean price that day was perhaps more appropriate. I think it is kind of an open question at this point. Unfortunately, there is no other side to debate it. Yeah. There is not, Your Honor. Right. Well, on that note, is there anything further? If I could just apply one hypothetical to sort of demonstrate that there could be some pretty perverse results from applying this form of damages, regardless of which. Do we appear to misunderstand what you're saying? No, Your Honor. I'm happy to close it out there. Thank you very much. We'll reserve the decision. Thank you.